NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| IDALMA AZUCENA HERNANDEZ SILVA; CHRISTIAN DAVID ROSADO-HERNANDEZ,<br><br>          Petitioners,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>          Respondent. | No. 22-475<br><br>Agency Nos.<br>A208-976-667<br>A208-976-668<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 27, 2024**

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

Idalma Azucena Hernandez Silva and her minor son, Christian David

Rosado Hernandez, petition pro se for review of the Board of Immigration

Appeals' (BIA) order dismissing their appeal from an immigration judge's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

**I**

The BIA properly determined that the past harms suffered by Hernandez Silva and Rosado Hernandez did not rise to the level of persecution.[1] Hernandez Silva identified three instances of past harm: (1) an attack by a gang member on the street; (2) threats from her neighbor wielding a machete; and (3) questioning of Rosado Hernandez by gang members. Viewed together, these harms do not rise to the level of persecution. *Sharma v. Garland*, 9 F.4th 1052, 1061 (9th Cir. 2021). Neither Hernandez Silva nor Rosado Hernandez were injured, and only one encounter involved physical violence; the harms were isolated over several years and involved different actors; and the neighbor's threats were not accompanied by physical action. *See id.* at 1061-63 (listing factors for determining whether past harms amount to persecution). Because Hernandez Silva and Rosado Hernandez failed to establish eligibility for asylum, they necessarily failed to meet the higher standard for withholding of removal. *Yali Wang v. Sessions*, 861 F.3d 1003, 1009

---

[1] While the standard of review for past persecution is not settled in this circuit, *see Singh v. Garland*, 57 F.4th 643, 651-52 (9th Cir. 2022) (collecting cases applying both substantial evidence and de novo standards of review), we would affirm the agency's determination under either standard of review and need not address the specific applicable standard.

(9th Cir. 2017).

## II

Substantial evidence supports the BIA's determination that neither Hernandez Silva nor Rosado Hernandez showed that they were more likely than not to be subject to torture if they returned to Honduras. The record does not show that any of the past harms were committed by a public official or committed with the consent or acquiescence of a public official. *See* 8 C.F.R. § 1208.18(a)(1). The police briefly detained Hernandez Silva's neighbor in connection with other threats to Hernandez Silva's family, and the gang-related incidents were never reported to the Honduran government. Speculative fears of torture do not meet the burden for CAT protection. *Garcia v. Wilkinson*, 988 F.3d 1136, 1148 (9th Cir. 2021).

**PETITION DENIED**.